UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA Y. VAZQUEZ, and other
similarly-situated individuals

       Plaintiff,

v.                                     Case No: 2:18-cv-611-FtM-38CM

UOOLIGAN GAS STATION
CONVENIENCE STORE INC,
SAEEDA ULLAH and FARID
ULLAH,

       Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Entry of Default Against All Defendants filed on November 26, 2018. Doc. 11. Plaintiff moves, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for entry of Clerk's defaults against Defendants Uooligan Gas Station Convenience Store, Inc. ("Uooligan"), Saeeda Ullah and Farid Ullah. *Id.* at 1. For the reasons stated below, the motion is granted in part and denied in part.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ.

> P., the party effecting service shall promptly apply to the Clerk for entry
> of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

As to an individual, the person effecting service may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). With regard to a corporation, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a).

Here, the Court finds service on the two individual Defendants sufficient but service on Uooligan insufficient. Plaintiff previously filed three returns of service related to service on Saeeda Ullah, Farid Ullah and Uooligan, all completed and

- 2 -

signed by Certified Process Servers of Lindsay Legal Process Services, Inc., Miami, Florida. Docs. 8, 9, 10. The returns of service related to Saeeda Ullah and Farid Ullah state that on October 27, 2018, the process server substitute served copies of the Complaint and Summons to Jalal Ullah, "co-resident" of Saeeda and Farid Ullah, who is fifteen years of age or older, at 261 Pine Valley Circle, Naples, Florida. Doc. 9 at 1; Doc. 10 at 1. Thus, service was properly effected on Saeeda and Farid Ullah under Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendants Saeeda and Farid Ullah have failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 1.07(b) of the Middle District of Florida Local Rules is appropriate.

The return of service for Uooligan, however, is less clear. The return states that on September 24, 2018, the process server received the Complaint and Summons to be served on Uooligan through its registered agent, Yashira Miranda, at 11163 Tamiami Trail East, North Naples, Florida. Doc. 8 at 1. It then states that on October 19, 2018, the Complaint and Summons were served instead on Dolores Vioa, "receptionist/cashier." *Id.* The return does not list the address at which Dolores Vioa was served or whether she is an employee of the registered agent or an employee of Uooligan.

A receptionist or cashier is not a proper employee of a corporation on which to serve process under Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. Further,

Florida law requires that if service is effected on a corporate employee lower on the statutory hierarchy in § 48.081(1)(a)-(d) of the Florida Statutes, the return must demonstrate that all superior officers on the hierarchy could not be served. *See Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 235 (M.D. Fla. 1993) (quoting *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So.2d 423, 425 (Fla. 2d DCA 1980)). If service is instead attempted on the registered agent of the corporation, however, the person serving process may effect service on any employee of the registered agent during the first attempt at service. Fla. Stat. § 48.081(3)(a). Because the return of service for Uooligan fails to list the address at which the process server served Dolores Vioa and whether she is an employee of the corporation or an employee of the registered agent, and, if an employee of the corporation, fails to demonstrate that superior corporate officers could not be served, the Court will deny the motion as to Uooligan without prejudice. Plaintiff may file an amended motion and return of service as to Uooligan on or before **December 7, 2018**, addressing the issues discussed above.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Clerk's Entry of Default Against All Defendants (Doc. 11) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Defendants Saeeda Ullah and Farid Ullah. The Clerk is directed to enter a Clerk's Default against Defendants Saeeda Ullah and Farid Ullah. The motion is **DENIED without prejudice** as to Defendant Uooligan Gas Station Convenience Store, Inc.

Plaintiff may file an amended motion and return of service as to Defendant Uooligan on or before **December 7, 2018.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties