UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA Y. VAZQUEZ, and other
similarly-situated individuals

      Plaintiff,

v.                                      Case No: 2:18-cv-611-FtM-38CM

UOOLIGAN GAS STATION
CONVENIENCE STORE INC,
SAEEDA ULLAH and FARID
ULLAH,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Entry of Default Against Defendant Uooligan Gas Station Convenience Store Inc. filed on December 3, 2018. Doc. 15. Plaintiff moves, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for entry of a Clerk's default against Defendant Uooligan Gas Station Convenience Store, Inc. *Id.* at 1. The Court previously denied without prejudice Plaintiff's Motion for Clerk's Entry of Default Against All Defendants (Doc. 11) as to Uooligan because of deficiencies in the return of service. *See* Doc. 12 at 3, 5. Plaintiff then filed an updated return of service along with the present motion. Docs. 14, 15. For the reasons stated below, the motion is denied without prejudice.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d).

As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). If service is instead attempted on the registered agent of the corporation, the person serving process may effect service on any employee of the registered agent during the first attempt at service. *Id.* "However, if service cannot be made on a registered agent

because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." *Id.* Section 48.091 requires every corporation to designate a registered agent and to "keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and [to] keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. § 48.091(1)-(2). If the address for the registered agent is a residence, service on the corporation may be made by personally serving the registered agent, officer, or director of the corporation in accordance with Fla. Stat. § 48.031. Fla. Stat. § 48.081(3)(b).

Here, the Court finds service on Uooligan insufficient as presented. The updated return of service states that on October 19, 2018, the process server delivered a true copy of the Summons and Complaint to Dolores Vioa, a cashier at Uooligan, at its principal address of 11163 Tamiami Trail East, North Naples, Florida.[1] Doc. 14 at 1. The return indicates that the first attempted service occurred on September 26, 2018 at 8:00 p.m. *Id.* On that date, the process server attempted service on the registered agent, Yashira Miranda, at 261 Pine Valley Circle, Naples, Florida, and the current tenants of the residence advised her that Yashira Miranda did not live there but they rent the residence from her. *Id.*

---

[1] The return later states, however, that Ms. Vioa was served on October 26, 2018. Doc. 14 at 1. Thus, it is unclear on which date the process server served Ms. Vioa, or if the process server effected service twice.

First, service is insufficient under Rule 4 as Ms. Vioa is not an officer, a managing agent or general agent of Uooligan and there is no indication that Ms. Vioa was "authorized by appointment or by law to receive service of process" for Uooligan. *See* Fed. R. Civ. P. 4(h)(1)(B). Next, Florida law requires that if service is effected on a corporate employee lower on the statutory hierarchy in § 48.081(a)-(d) of the Florida Statutes, such as a cashier, the return must demonstrate that all superior officers on the hierarchy could not be served. *See Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 235 (M.D. Fla. 1993) (quoting *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So.2d 423, 425 (Fla. 2d DCA 1980)). The return of service here, however, does not demonstrate that superior officers on the statutory hierarchy could not be served or that the process server attempted service on any superior officer. *See* Doc. 14 at 1.

If service is instead attempted on the registered agent of the corporation, the person serving process may effect service on any employee of the registered agent during the first attempt at service. Fla. Stat. § 48.081(3)(a). Here, the process server first attempted service on the registered agent, Yashira Miranda, on September 26, 2018 at 8:00 p.m. Doc. 14 at 1. Ms. Miranda was not present at the listed address at that time, and under other circumstances service on "any employee at the corporation's principal place of business" may have been appropriate, but Florida law only requires the registered agent to be in the office and available to accept service between 10 a.m. and 12 noon.[2] *See id.*; Fla. Stat. §§ 48.081(3)(a),

---

[2] The Court also notes Plaintiff's motion contains no legal authority or explanation as to how Uooligan may be in violation of § 48.091 of the Florida Statutes, or why service effected

- 4 -

48.091(1)-(2). Further, the process server served an employee of the *corporation*, not an employee of the registered agent, and served the employee on the second attempted service, not the first. Doc. 14 at 1. Finally, Plaintiff's motion contains no legal authority to support that service was sufficient. *See* Doc. 15 at 1-2; M.D. Fla. R. 3.01(c). Thus, the Court finds Plaintiff has not shown that service on Uooligan was sufficient and will deny the motion without prejudice to re-filing with further explanation or after service is properly effected as set forth above.

The Court also received an improper, *ex parte* letter mailed to the undersigned's chambers from Defendant Saeeda Ullah, dated December 14, 2018, in reference to the Clerk's Default entered against her on November 29, 2018 (Docs. 12, 13). Under Local Rule 3.01(f), requests for relief in any form must be made in accordance with Local Rules 3.01 and 1.05, and they "shall not be addressed or presented to the Court in the form of a letter or the like." M.D. Fla. R. 3.01(f). Further, unauthorized, *ex parte* communications with the Court are improper and will not be considered. *See, e.g., Dugan v. Coachs Halftime, Inc.*, No. 5:12-CV-233-Oc-UATC-PRL, 2012 WL 12094415, at *1 (M.D. Fla. July 2, 2012). The Court did not consider the letter, and Defendant Saeeda Ullah is advised that all future requests for relief must be filed with the Clerk and not sent to chambers.

---

on Uooligan was sufficient under Rule 4 or Florida law. *See generally* Doc. 15.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Clerk's Entry of Default Against Defendant Uooligan Gas Station Convenience Store Inc. (Doc. 15) is **DENIED without prejudice**. The Clerk is directed to return the *ex parte* letter Defendant Saeeda Ullah sent to the undersigned's chambers and mail a copy of this Order to Ms. Ullah.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Ms. Saeeda Ullah