# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MARIA Y. VAZQUEZ, and other similarly-
situated persons

        Plaintiff,

v.                              Case No:  2:18-cv-611-FtM-38UAM

UOOLIGAN GAS STATION
CONVENIENCE STORE INC,
SAEEDA ULLAH and FARID ULLAH,

        Defendants.

_____

## <u>ORDER</u>

This matter comes before the Court upon review of Defendants' Verified Motion to Set Aside Clerk's Default and Incorporated Memorandum of Law filed on March 21, 2019.  Doc. 21. Defendants request that the Court set aside the Clerk's Defaults entered against Defendants Saeeda Ullah and Farid Ullah, deny the motion for clerk's default against Defendant Uooligan Gas Station Convenience Store Inc ("Uooligan") (Doc. 19), and quash service as to all three Defendants.  *Id.* at 2.  On April 10, 2019, Plaintiff filed a Notice of Non-Objection in response to Defendants' motion, stating that Plaintiff does not oppose the relief sought in the present motion.  Doc. 24. For the reasons stated below, the motion is granted.

"'[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.'" *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *1 (M.D. Fla. July 19, 2010) (quoting *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)).  As to an individual, the person effecting service may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there."

Fed. R. Civ. P. 4(e)(2)(A),(B). With regard to a corporation, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id*. § 48.081(3)(a).

Here, based on Defendants' submissions, the Court finds that service was insufficient as to each of the Defendants and grants the request to quash service. First, as to Defendants Saeeda Ullah and Farid Ullah, Defendants have shown clear and convincing evidence that Jalal Ullah, who Plaintiff asserted was co-resident with Defendants, is in fact not a co-resident and that Defendants have not resided at 261 Pine Valley Circle, Naples, Florida for years. *See TS Production, LLC v. Leadracer.com, Inc.*, No. 8:07-cv-686-T-24-EAJ, 2007 WL 4277535, at *3 (M.D. Fla. Dec. 3, 2007); Doc. 21 at 6; Docs. 21-1, 21-2. Thus, service as to Defendants Saeeda Ullah and Farid Ullah was insufficient under the Federal Rules of Civil Procedure and Florida law. Next, as to Defendant Uooligan, the Court finds that service was insufficient as the person served was not an officer of the company and, even if she was an employee of the registered agent as Plaintiff claims, service was made on her on at least the third attempt and not on the first attempt as required under Florida law. *See* Fla. Stat. § 48.081. Thus, service was insufficient as to Defendant Uooligan. Further, Plaintiff does not oppose Defendants' request to quash service. Doc. 24 at 1. Plaintiff shall have fourteen days to perfect service as to each Defendant, and shall

file a notice updating the Court on service by April 29, 2019. *See Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993). Failure to respond to this Order may result in the Court recommending dismissal.

Because the Court finds that quashing service is appropriate, the Court also finds good cause to set aside the Clerk's Defaults entered against Defendants Saeeda Ullah and Farid Ullah and will deny as moot Plaintiff's motion for entry of clerk's default as to Defendant Uooligan.

ACCORDINGLY, it is

**ORDERED:**

1. Defendants' Verified Motion to Set Aside Clerk's Default and Incorporated Memorandum of Law (Doc. 21) is **GRANTED**.

2. The Clerk's Entry of Default (Doc. 13) is **VACATED** and **SET ASIDE**.

3. Service of process as to each Defendant is **QUASHED**. Plaintiff shall have up to and including **April 29, 2019** to perfect service on Defendants and shall file a notice updating the Court as to service by that date. Failure to comply may result in the Court recommending dismissal.

4. Plaintiff's Renewed Motion for Clerk's Entry of Default Against Defendant Uooligan Gas Station Convenience Store Inc (Doc. 19) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of April, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record