UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA Y. VAZQUEZ, and other
similarly-situated individuals

        Plaintiff,

v.                                                    Case No.:  2:18-cv-611-FtM-38UAM

UOOLIGAN GAS STATION
CONVENIENCE STORE INC,
SAEEDA ULLAH and FARID ULLAH,

        Defendants.
                                                        /

**OPINION AND ORDER**[1]

Before the Court are Defendants Uooligan Gas Station Convenience Store Inc,

Saeeda Ullah, and Farid Ullah's Motion to Dismiss the Complaint (Doc. 32) and Plaintiff

Maria Y. Vazquez's Response (Doc. 35).  For the following reasons, the Court denies the

motion.

**BACKGROUND**

Plaintiff Maria Vazquez sues Defendants for unpaid overtime wages, unpaid

minimum wages, and retaliation under the Fair Labor Standards Act (FLSA).  (Doc. 1).

The Court recounts the factual background as pled in Plaintiff's complaint, which it must

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). Defendants own and run "a retail business operating as gas station, convenience store, beverage, and liquor business." (Doc. 1 at 2-3). For ten months, Vazquez worked for Defendants as a store attendant, cook, meat cutter, cashier, and janitor. (Doc. 1 at 3). She worked 77 hours per week, but Defendants never paid her time and a half for overtime hours. (Doc. 1 at 3). Nor did Defendants track Vazquez's hours with paystubs or timesheets. (Doc. 1 at 3-4).

Vazquez complained about overtime wages and requested paystubs to track her hours at least four times in May 2018, but Defendants refused. (Doc. 1 at 4). After Vazquez's final complaint on May 30, 2018, Defendants began providing Vazquez with paystubs. (Doc. 1 at 5). But even then, Defendants paid Vazquez for 67 hours—rather than 77 hours—each week. (Doc. 1 at 3, 5, 7). And they never paid her the appropriate amount for her overtime hours. (Doc. 1 at 5).

Vazquez claims she was constructively discharged on August 9, 2018. (Doc. 1 at 5-7, 22-23). Saeeda Ullah accused Vazquez of stealing money from the cash register and giving customers free merchandise. (Doc. 1 at 5, 21). To prove she was not stealing, Vazquez asked Saeeda to count the cash in the register, but Saeeda refused, and Vazquez left the store. (Doc. 1 at 6, 22). Later that day, Farid Ullah began sending threatening text messages to Vazquez. (Doc. 1 at 6, 22). He called the police, reported theft allegations, and threatened to give the police evidence unless Vazquez paid him $100,000. (Doc. 1 at 6, 22). He later requested a lower $50,000 bribe. (Doc.

1 at 6, 22).  Ullah also told her that he contacted her mortgage company to report that she had been fired.  (Doc. 1 at 6, 22).

Defendants filed a joint motion to dismiss the claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 32).

## LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party.  "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007).  A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Defendants moves to dismiss the Complaint for (1) lack of FLSA coverage in Counts I and II and (2) failure to state a claim in Count III.  (Doc. 32).

### A. FLSA Coverage

To state an FLSA claim, a plaintiff must first establish some connection to interstate commerce by alleging "one of two types of coverage, either: (1) individual coverage, in which the employee was engaged in commerce…, or (2) enterprise coverage, in which the employee was employed in an enterprise engaged in commerce[.]" *Martinez v. Palace*, 414 F. App'x 243, 245 (11th Cir. 2011).  To establish enterprise coverage, a plaintiff must allege that her employer is an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has an "annual gross volume of sales made or business done" that is greater than $500,000.  29 U.S.C. § 203(s)(1).

Vazquez has established enterprise coverage.  The Complaint clearly states that Defendants' business employs more than one person and that its revenue exceeds $500,000.  (Doc. 1 at 8, 13).  It also states that Uooligan Gas Station operates as a gas station, convenience store, and food and beverage business and "uses instrumentalities of interstate commerce." (Doc. 1 at 8, 13).  Defendants argue this is not enough.  They focus their attack on Vazquez's claim that Uooligan Gas Station "us[ed] electronic devices to authorize credit card transactions." (Doc. 32 at 4).  It is unsettled in this Circuit whether the use of credit cards establishes FLSA coverage.  *See Thorne v. All Restoration Servs., Inc.*, 448 F. 3d 1264, 1266 (11th Cir. 2006); *Lefevre v. La Cote Basque Winehouse, Inc.*, No. 8:15-cv-1428-T-23TBM, 2015 WL 6704107, at *1 (M.D. Fla. Nov. 3, 2015).  But "[t]he burden of stating a claim for enterprise coverage is not an onerous one."  *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1293 (M.D. Fla. 2018).  "[V]irtually every business"

4

is subject to enterprise coverage because nearly all goods are moved or produced via interstate commerce today. *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 07-cv-2359-T-23TGW, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). The Court can reasonably infer that Defendants' employees handle goods that have moved in interstate commerce because of the nature of the business. (Doc. 1 at 8, 13). Indeed, another court in this district has suggested that all gas stations are entitled to FLSA coverage because "the products sold for automobiles would be those which would be expected to move in interstate commerce." *Kinzer v. Stelling*, No. 6:11-cv-465-ORL-28, 2012 WL 1405694, at *4 (M.D. Fla. Mar. 28, 2012), *report and recommendation adopted, Kinzer v. Nexus Enterprises, Inc.*, No. 6:11-cv-465-ORL-28, 2012 WL 1405674 (M.D. Fla. Apr. 23, 2012) (citations omitted). Vazquez has thus stated a claim for enterprise coverage.

Because Vazquez has sufficiently pled enterprise coverage, Counts I and II will not be dismissed.

## B. Retaliation

To plead retaliation under FLSA, a plaintiff must allege (1) that she engaged in activity protected under the act; (2) that she suffered an adverse action; and (3) a causal connection between her protected activity and the adverse employment action. *See Wolf v. Coca–Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000).

Defendants argue that Count III should be dismissed because Vazquez failed to plead all three elements of retaliation. (Doc. 32 at 7-13). The Court disagrees. First, the Complaint lists several protected activities. Vazquez allegedly reported FLSA violations to her superiors five different times in May 2018. (Doc. 1 at 20-21). Despite Defendants' claims to the contrary, it does not matter that Vazquez's complaints were oral, so long as

they were "sufficiently clear and detailed so that a reasonable employer, considering the context and content, can understand that an employee is asserting rights provided by the FLSA[.]"  *Hyskaj v. N.Y. N.Y. Pizza, LLC*, No. 8:18-cv-00397-MSS-TGW, 2018 WL 7458261, at *5 (M.D. Fla. Nov. 14, 2018).  When Vazquez confronted her superiors, she "complained about not being paid for all her overtime hours and requested her paystubs." (Doc. 1 at 20).  Overtime compensation and hourly records are FLSA rights.  *See* 29 U.S.C. § 207.  So it was clear that Vazquez was asserting her FLSA rights when she made these complaints.  Vazquez has sufficiently pled the first element.

The Complaint also states an adverse action in that she was constructively discharged after she asserted her FLSA rights.  (Doc. 1 at 22).  Defendants argue she cannot establish a claim for constructive discharge, which requires that her "work environment and conditions of employment were so unbearable that a reasonable person in [her] position would be compelled to resign."  *Auer v. Gastroenterology & Nutrition of Cent. Fla., LLC*, No. 5:15-cv-254-OC-30PRL, 2015 WL 5762077, at *2 (M.D. Fla. Sept. 22, 2015) (citing *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009)).  Although Defendants correctly note that the threshold for proving unbearable conditions is ultimately "quite high" (Doc. 32 at 8), to survive a 12(b)(6) challenge, Vazquez need only state a plausible claim.  Take *Auer*, for example.  The plaintiff claimed she was constructively discharged after the defendant failed to pay her "the appropriate overtime rate" and decided to "modify her pay structure without her consent."  *Id.* at *1.  The court found these factual allegations sufficient.  *Id.* at *2.  Here, not only did Defendants regularly underpay Vazquez, they accused her of stealing, reported her to the police, and

demanded extorsion payments of $100,000 and $50,000.  (Doc. 1 at 20-22).  Vazquez has sufficiently pled an adverse action.

Finally, Vazquez must establish a causal connection by showing that "she would not have been [terminated] but for her assertion of FLSA rights."  *Wolf*, 200 F.3d at 1343. "A plaintiff can demonstrate causation by showing a close temporal proximity between the time [her] employer learned about [her] protected activity and [her] discharge." *Demeter v. Little Gasparilla Island Fire & Rescue, Inc.*, No. 2:16-cv-264-FTM-38CM, 2017 WL 662006, at *4 (M.D. Fla. Feb. 17, 2017).  Here, the Complaint states that Defendants constructively discharged Vazquez ten weeks after she asserted her FLSA rights, and that "there was no reason, other than a retaliatory action," to fire Vazquez because she "performed her duties satisfactorily."  (Doc. 1 at 23).  The Court finds these allegations adequate to survive a motion to dismiss.  Defendants argument on this point is better suited to a motion for summary judgment.

Vazquez has made a *prima facie* case for FLSA retaliation, so Count III survives

Accordingly, it is now

**ORDERED:**

Defendants Uooligan Gas Station Convenience Store Inc, Saeeda Ullah, and Farid Ullah's Motion to Dismiss the Complaint (Doc. 32) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of June, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7