UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA Y. VAZQUEZ, and other
similarly situated individuals,

    Plaintiff,

v.                                              Case No:   2:18-cv-611-FtM-38NPM

UOOLIGAN GAS STATION
CONVENIENCE STORE INC,
SAEEDA ULLAH, individually, and
FARID ULLAH, individually,

    Defendants.

---

### REPORT AND RECOMMENDATION[1]

This matter is before the Court on the Motion for Default Judgment against Defendants, filed on March 18, 2020, (Doc. 65), and Plaintiff's Affidavit of Amount of Indebtedness (Doc. 67-1). Plaintiff Maria Y. Vazquez served a copy of the motion on Defendants Uooligan Gas Station Convenience Store, Inc., Saeeda Ullah, and Farid Ullah. (Doc. 65, p. 8). No response was filed to the motion and the response time has lapsed. The Court finds an evidentiary hearing is not required in this case.[2] For the reasons stated below, the Court recommends the motion be **GRANTED**.

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

[2] Rule 55(b) provides a court may hold a hearing, if necessary, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate other matters. Fed. R. Civ. P. 55(b)((2)(A)-(D). Based on the permissive language in Rule 55(b), it does not mandate an evidentiary hearing in all circumstances and leaves the decision whether to hold an evidentiary hearing to the court's discretion.

**I.      Background**

On September 11, 2018, Plaintiff filed a Verified Complaint for violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages, failure to pay minimum wages, and retaliation. (Doc. 1). The Clerk entered defaults against Defendants Saeed Ullah and Farid Ullah (Doc. 13), but later set them aside (Doc. 25). Then, Defendants moved to dismiss, the Court denied the motion, and Defendants answered. (Docs. 32, 36, 41). But in November 2019, Defendants' counsel moved to withdraw and, after a hearing with Defendants present in person, the Court granted the motion, directed the corporate defendant to retain counsel, and directed the individual defendants to retain counsel or confirm they would proceed *pro se*. (Doc. 55). The Court also entered a Case Management and Scheduling Order (Doc. 54), setting this case for a March 2021 trial term.

After allowing Defendants multiple opportunities to inform the Court about the status of their representation, the Court recommended defaults be entered against Defendants, and their Answer and Affirmative Defenses be stricken. (Doc. 61). With no objection from Defendants, the Report and Recommendation was adopted, Clerk's Defaults were entered against all Defendants, and their pleadings were stricken. (Doc. 64). Plaintiff then filed the instant Motion for Default Judgment Against Defendants (Doc. 65).

---

*Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

## II.     Allegations

Plaintiff sues for unpaid overtime wages, unpaid minimum wages, and retaliation under the FLSA. (Doc. 1). Plaintiff worked in Uooligan Gas Station, which is both a gas station and convenience store, from October 1, 2017 through August 9, 2018, about 44 weeks. (Doc. 1, ¶¶ 8, 9). Plaintiff's positions and responsibilities included store attendant, cook, meat cutter, cashier, janitor, and all work related to the gas station and convenience store operations. (*Id.*, ¶ 10). Plaintiff worked 7 days a week for seventy-seven (77) hours per week, but was paid on average for sixty-seven (67) hours or less at her regular rate of $10.00 per hour. (*Id.*, ¶¶ 9, 11). Defendants did not keep accurate time records of Plaintiff's work hours. (*Id.*, ¶ 13).

Plaintiff repeatedly complained about not being paid for overtime wages and asked for paystubs showing the hours she worked. (*Id.*, ¶¶ 14-15). After Plaintiff's complaint on May 30, 2018 about her paystubs, Defendant Saeeda Ullah printed a paystub for Plaintiff, but never agreed to pay Plaintiff overtime wages. (*Id.*, ¶ 18).

Plaintiff claims she was constructively discharged on August 9, 2018. (*Id.*, ¶¶ 22-23). On that day, after an incident regarding incorrect pricing for customer purchases, Defendant Saeeda Ullah wrongly accused Plaintiff of giving customers free merchandise and stealing cash from the cash register. (*Id.*, ¶¶ 19, 20-22). To prove she was not stealing, Plaintiff asked Saeeda Ullah repeatedly to count the cash in the cash drawer, but Saeeda Ullah refused. (*Id.*, ¶¶ 20-22). Defendant Farid Ullah contacted the police, made a report , and texted Plaintiff to return to the store and be interviewed by the police. (*Id.*, ¶ 23). Plaintiff was afraid to return to the store. (*Id.*). Farid Ullah then texted Plaintiff multiple times demanding $100,000.00 then $50,000.00, threatening her, and threatening

to contact her mortgage financing company and report Plaintiff was fired—all with the purpose of intimidating Plaintiff. (*Id.*, ¶¶ 24-25). As a result, Plaintiff was forced to leave her job. (*Id.*, ¶ 28).

### III.  Analysis

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So, when evaluating the sufficiency of the alleged facts, the Court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* A defaulted defendant is deemed to admit all well-pleaded allegations of fact but is not held to admit facts not well-pleaded or to admit conclusions of law. *U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 845 (11th Cir. 2018) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

#### A.  Minimum and Overtime Wages

To prevail on both an overtime wage claim and a minimum wage claim, Plaintiff must establish the same first two elements. Specifically, Plaintiff must demonstrate: 1) the defendants employed her; and (2) she was employed by an enterprise engaged in commerce. *Cain v. One Stop PC Help, Inc.*, No. 8:15-CV-1071-T-27TBM, 2017 WL

10241541, *3 (M.D. Fla. Jan. 17, 2017), *report and recommendation adopted*, No. 8:15-CV-1071-T-27TBM, 2017 WL 10241539 (M.D. Fla. Feb. 6, 2017); *Martinez v. Askins & Miller Orthopaedics*, No. 8:18-CV-2442-T-02CPT, 2019 WL 1117036, *2 (M.D. Fla. Mar. 11, 2019).

Plaintiff alleges Saeeda Ullah and Farid Ullah were owner/partners and managers of Uooligan Gas Station and that in addition to the gas station, these individuals were Plaintiff's "employers" for purposes of FLSA liability. (*Id.*, ¶¶ 4, 16, 20, 46). To determine whether a defendant is an employer under the FLSA, a court looks to whether the alleged employer "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled [the employee's] work schedule[ ] or condition[ ] of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011). Based on the well-pleaded allegations, the Court finds all three Defendants employed Plaintiff from October 1, 2017 through August 9, 2018. (Doc. 1, ¶ 9). And Plaintiff established she worked for Defendants as a store attendant, cook, meat cutter, cashier, janitor, and many other jobs at the gas station and convenience store. (Doc. 1, ¶ 10). Thus, Plaintiff satisfied the first element.

As to enterprise coverage, the Court already found in a prior order that Plaintiff established this element. (Doc. 36, p. 4). As a recap, to establish enterprise coverage, a plaintiff must show the enterprise: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

To satisfy these requirements, Plaintiff alleges Defendants employ more than one person, the business revenue exceeds $500,000, and the enterprise operates as a gas station, convenience store, and food-beverage business that uses instrumentalities of interstate commerce. (*Id.*, ¶¶ 33-35, 51-52). As the Court previously found, it "can reasonably infer that Defendants' employees handle goods that have moved in interstate commerce because of the nature of the business." (Doc. 36, p. 5). Thus, based on Plaintiff's well-pleaded allegations, the Court finds Defendants were employers engaged in interstate commerce. Next, the Court considers the remaining elements for both the overtime wage and minimum wage claims.

### 1. Overtime Wages (Count I)

After establishing employment and enterprise coverage, to prevail on a claim for overtime wages, a plaintiff must also establish: (1) she actually worked in excess of a 40-hour workweek; and (2) the defendants did not pay her overtime wages for the work in excess of a 40-hour workweek. *Cain v. One Stop PC Help, Inc.*, No. 8:15-CV-1071-T-27TBM, 2017 WL 10241541, *3 (M.D. Fla. Jan. 17, 2017), *report and recommendation adopted*, No. 8:15-CV-1071-T-27TBM, 2017 WL 10241539 (M.D. Fla. Feb. 6, 2017). Plaintiff alleges she worked from October 1, 2017 through August 9, 2018 (44 weeks and 4 days), 7 days per week, 11 hours per day, totaling seventy-seven (77) hours per week. (Doc. 1, ¶¶ 36-37). Plaintiff claims she was paid at most for 67 hours per week at her regular rate of $10.00 per hour, not paid overtime wages for the hours over 40, not paid any wages for 10 hours per week, not paid any wages for her last 4 days, and not permitted to take lunch breaks. (*Id.*, ¶¶ 29, 37).

For these reasons, the Court finds Plaintiff established all the elements for her FLSA overtime wage claim.

### 2. Minimum Wages (Count II)

After establishing employment and enterprise coverage, to prevail on a claim for unpaid wages, a plaintiff must also establish: (1) the defendants failed to pay her a minimum wage required by the FLSA. *Martinez v. Askins & Miller Orthopaedics*, No. 8:18-CV-2442-T-WFJCPT, 2019 WL 1117036, *2 (M.D. Fla. Mar. 11, 2019). Plaintiff claims she was not paid for 4 days, totaling 44 hours. (Doc. 1, ¶ 56).

For these reasons, the Court finds Plaintiff established all the elements for her FLSA minimum wage claim.

### B. Retaliation

Along with wage claims, § 215(a)(3) of the FLSA protects individuals from retaliation for asserting their rights under the statute. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000); 29 U.S.C. § 215(a)(3). To establish a prima facie case for FLSA retaliation, a plaintiff must demonstrate: (1) she engaged in a protected activity under the FLSA; (2) she subsequently suffered an adverse action by the employer; and (3) a causal connection exists between the employee's protected activity and the adverse action. *Id.* at 1342-43.

The Court previously found Plaintiff's allegations sufficient to withstand a motion to dismiss. (Doc. 36, pp. 5-6). In particular, the Court found Plaintiff listed several activities protected under the FLSA. (Doc. 36, p. 5). Plaintiff alleges she repeatedly reported FLSA violations to her supervisors for failing to pay overtime wages, to pay minimum wages,

and to provide paystubs. (Doc. 1, ¶¶ 80-86). All of these violations are activities protected under the FLSA. 29 U.S.C. §§ 207 and 211.

For the adverse action, Plaintiff claims she was constructively discharged. To support this claim, Plaintiff alleges Defendants failed to pay Plaintiff, falsely accused her of stealing, and sent her threatening texts. (Doc. 1, ¶¶ 87-95). The Court finds Plaintiff established an adverse employment action by her well-pleaded allegations.

Lastly, Plaintiff must establish a causal connection between her constructive discharge and her assertion of her FLSA rights. *Wolf v. Coca-Cola Co.*, 200 F.3d at 1343. In other words, Plaintiff must show she would not have been constructively discharged but for her assertion of her FLSA rights. *Raspanti v. Four Amigos Travel, Inc.*, 266 F. App'x 820, 823 (11th Cir. 2008) (citing *Wolf*, 200 F.3d at 1343). A plaintiff may satisfy this burden by showing a close temporal proximity between the time her employer learned of her protected activity and the time of the adverse employment action. *Id.* And this Court previously found that Plaintiff sufficiently alleged a causal connection between the adverse employment action and Plaintiff's protected rights under the FLSA. (Doc. 36, p. 7).

For these reasons, the Court finds Plaintiff established all the elements for retaliation.

**C.   Damages**

Plaintiff seeks damages for her overtime-wage claim, her minimum-wage claim, and for retaliation. An employer who violates the minimum wage or overtime provisions of the FLSA is liable for the employee's unpaid minimum wages and unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 U.S.C. §

216(b). After establishing a claim for retaliation under the FLSA, an employer is liable for such relief that effectuates the purpose of the anti-retaliation section of the FLSA, including without limitation payment of lost wages, as well as an equal amount of liquidated damages if appropriate under the facts of the case. *Roth v. ABCW, LLC*, No. 2:14-CV-227-FTM-29CM, 2016 WL 6994178, *3 (M.D. Fla. Nov. 30, 2016) (citing 29 U.S.C. §§ 215(a)(3) and 216(b)).

Plaintiff bears the burden of proving the amount of damages to be awarded and may establish the amount by affidavit. *Cabrera v. Fla. Express Bus, LLC*, No. 8:13-CV-1850-T-35EAJ, 2015 WL 12844403, *2 (M.D. Fla. June 23, 2015), *report and recommendation adopted*, No. 8:13-CV-1850-T-35EAJ, 2015 WL 12853103 (M.D. Fla. July 10, 2015). In support of her claims, Plaintiff relies on her Affidavit of Amount of Indebtedness (Doc. 67-1), which the Court finds contains sufficient evidence to establish the amount and extent of the work she performed and an adequate basis for calculating her damages. *Miranda v. Palms Hotels & Villas, LLC*, No. 6:06-CV-1902-ORL-28KRS, 2007 WL 3232242, *4 (M.D. Fla. Oct. 31, 2007) (finding an employee's affidavit carries her burden of proving the amount and extent of her work and a basis for calculating damages when the employers' records are inaccurate or inadequate).

### 1. Damage Calculations for Minimum and Overtime Wages

Based on her affidavit, Plaintiff established she worked without receiving compensation. (Doc. 67-1, ¶ 25). Plaintiff seeks minimum-wage compensation for these hours worked. (*Id.*).

| Hours worked without compensation | Hourly Rate | Total Unpaid Wages | Liquidated Damages | Total Damages |
|---|---|---|---|---|
| 44 hours | $8.25[3] per hour | $363.00 | $363.00 | **$726.00** |

Plaintiff also established she worked in excess of forty (40) hours per week. She seeks two different damage calculations for these hours. First, she seeks additional compensation for the overtime hours for which she received straight pay. Second, she seeks full compensation for overtime hours for which she received no compensation at all. Plaintiff calculates these hours based on her $10.00 hourly rate as follows:

| Overtime Hours (when received straight time compensation) | Number of Unpaid Weeks | Rate | Total Unpaid Overtime | Liquidated Damages | Total Damages |
|---|---|---|---|---|---|
| 27 hours per week | 44 weeks | $5.00 per hour | $5,940.00 | $5,940.00 | **$11,880.00** |

---

[3] For 2018, the federal minimum wage was $7.25 per hour for the first forty (40) hours per week. 29 U.S.C. § 206(a)(1)(C). Whereas Florida's minimum wage for 2018 was $8.25, a higher rate.

> Various Federal, State, and local laws require the payment of minimum hourly, daily or weekly wages different from the minimum set forth in the Fair Labor Standards Act, and the payment of overtime compensation computed on bases different from those set forth in the Fair Labor Standards Act. . . . Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum.

29 C.F.R. § 778.5; *see also Fernandez v. Belly, Inc.*, No. 6:05-CV-1074-ORL-31KRS, 2006 WL 5159188, *3 (M.D. Fla. May 23, 2006) ("[W]hen a state law provides for a higher minimum wage than that set forth in the FLSA, the state provision controls."). Thus, the higher Florida rate applies here.

| Overtime Hours (when received no compensation) | Number of Unpaid Weeks | Rate | Total Uncompensated Hours | Liquidated Damages | Total Damages |
|---|---|---|---|---|---|
| 10 hours per week | 44 weeks | $15.00 | $6,600.00 | $6,600.00 | **$13,200.00** |

The Court therefore recommends awarding $25,806.00 for unpaid wages and corresponding liquidated damages.

### 2.  Damage Calculation for Retaliation

Once a Plaintiff establishes a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 28 U.S.C. 216(b). Plaintiff limits her damages for retaliation to back pay and liquidated damages.[4]

Based on her affidavit, Plaintiff establishes damages for retaliation for her weeks of unemployment after being constructively discharged. For retaliation claims, an award of liquidated damages is discretionary if "appropriate under the facts of the case.'" *Roth v. ABCW, LLC*, No. 2:14-CV-227-FTM-29CM, 2016 WL 6994178, *3 (M.D. Fla. Nov. 30, 2016) (quoting *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1243 (11th Cir. 2013))

---

[4] Although courts have awarded front pay in certain limited situations, such as the one here where reinstatement may not be an option, Plaintiff only seeks back pay and liquidated damages for her retaliation claim. *See Stevenson v. Second Chance Jai Alai, LLC*, No. 5:11-CV-496-OC-37PRL, 2013 WL 1344500, *4-5 (M.D. Fla. Apr. 2, 2013) (Awarding back pay and a limited amount of front pay after finding "reinstatement would be inappropriate in this case due to the demonstrated ill will and hostility between Plaintiff and Defendant"); *Persiyantseva v. Saint Petersburg Mkt., LLC*, No. 17-22177-CIV, 2018 WL 3730400, *6 (S.D. Fla. May 3, 2018), *report and recommendation adopted*, No. 17-22177, 2018 WL 3730223 (S.D. Fla. May 25, 2018) (awarding front pay when Plaintiff was unable to be reinstated to former position).

(holding that liquidated damages in retaliation cases are committed to the sound discretion of the courts). While liquidated damages are intended to compensate a plaintiff, they may also be imposed to provide a deterrent for defendants. *Id.*; *Stevenson v. Second Chance Jai Alai, LLC*, No. 5:11-CV-496-OC-37PRL, 2013 WL 1344500, *2 (M.D. Fla. Apr. 2, 2013). And liquidated damages may be especially appropriate in cases where the defendants' actions are egregious. *Id.*

Here, Defendants' actions were egregious. Plaintiff established that after she reported the FLSA violations, Saeed Ullah falsely accused her of stealing. To add insult to injury, Farid Ullah then began harassing and threatening her. (Doc. 65, 67-1). These actions amounted to constructively discharging Plaintiff in retaliation for raising FLSA violations. To compensate Plaintiff for the harm she suffered at Defendants' hands, the Court finds awarding an equal amount of liquidated damages justified. And the Court finds by awarding liquidated damages, the purposes of the FLSA are furthered by deterring Defendants from engaging in this type of behavior. Thus, the Court finds that an award of liquidated damages in the amount equal to Plaintiff's back wages is appropriate to effectuate the purposes of the FLSA in this case. As detailed in the following table, the Court recommends awarding $30,560.00 for lost wages and liquidated damages due to retaliation:

| Weeks Out of Work | Regular Hours | Overtime Hours | Total Lost Wages | Liquidated Damages | Total Damages |
|---|---|---|---|---|---|
| 16 weeks | 40 hours per week at $10.00 per hour | 37 hours overtime per week at $15.00 per hour | $15, 280.00 | $15,280.00 | **$30,560.00** |

## IV. Conclusion

For the above reasons, the Court finds Plaintiff has established violations of the minimum wage, overtime wage, and retaliation provisions of the FLSA. Based on Plaintiff's Affidavit, Plaintiff also established entitlement to the damages she seeks.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

(1) The Motion for Default Judgment Against Defendants (Doc. 65) be **GRANTED** as to Counts I, II, and III and damages be awarded of $56,366.00 calculated as follows:

    (a) As to Count I for unpaid minimum wages, Plaintiff be awarded $363.00 and an equal amount of liquidated damages for a total of $726.00.

    (b) As to Count II for unpaid overtime wages, Plaintiff be awarded $12,540.00 and an equal amount for liquidated damages for a total of $25,080.00.

    (c) As to Count III for retaliation, Plaintiff be awarded $15,280.00 and an equal amount for liquidated damages for a total of $30,560.00.

Respectfully recommended in Chambers in Fort Myers, Florida on May 22, 2020.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**