UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA Y. VAZQUEZ,

    Plaintiff,

v.                                Case No. 2:18-cv-611-FtM-38NPM

UOOLIGAN GAS STATION
CONVENIENCE STORE INC,
SAEEDA ULLAH, and
FARID ULLAH

    Defendants.

**ORDER**

Before the Court are Plaintiff's Nunc Pro Tunc Motion for Extension of Time to File Motion and Motion for Attorney's Fees and Costs, filed on September 24, 2020. (Doc. 78). The motion for more time seeks an after-the-fact extension of nearly three months to file the motion for fees and costs. (*Id.*, p. 1). With Defendants having defaulted, no response was filed and the time to respond has lapsed. For the reasons below, the Court denies the motion.

Plaintiff filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201, for unpaid wages, overtime wages, and retaliation (Doc. 1). In sum, Defendants failed to defend this action and a default judgment was entered against them on June 15, 2020. (Doc. 71). Under Federal Rule of Civil Procedure 54(d)(2)(B)(i) and Local Rule 4.18, a motion for attorneys feels must be filed no

later than fourteen days after the entry of judgment. Courts in the Middle District of Florida enforce Local Rule 4.18. *Sanders v. Drainfield Doctor, Inc.*, No. 6:06-cv-1216-ORL28GJK, 2009 WL 667158, *4 (M.D. Fla. Mar. 13, 2009) (listing cases). And the Eleventh Circuit has affirmed the enforcement of this Local Rule "as long as it does not eviscerate a statutory right." *Id.* (citing *Grayden v. City of Orlando*, 171 F. App'x. 284, 285–286 (11th Cir. 2006)). Under these Rules, Plaintiff's deadline to file a motion for attorney's fees was June 29, 2020. Plaintiff filed the instant motion requesting an extension of time on September 24, 2020, eighty-seven days late. The untimeliness of the motion for attorney's fees is substantial.

Plaintiff asks the Court to allow for this late filing and find excusable neglect under Rule 6(b). As an excuse for missing the filing date, one of Plaintiff's two attorneys claims some kind of software integration error caused an unintended calendaring mistake. (Doc. 78, p. 1).

Under Rule 6(b), to extend an expired deadline, a party must show good cause and demonstrate excusable neglect. *Carter v. Butts Cty., Ga.*, 110 F. Supp. 3d 1325, 1332 (M.D. Ga. 2015), *aff'd in part, rev'd in part on other grounds and remanded*, 821 F.3d 1310 (11th Cir. 2016). Courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* at 1332-1333 (citing *Glover v. City of Pensacola*,

372 F. App'x 952 , 955 n.6 (11th Cir. 2010) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

It is well established in the Eleventh Circuit that an attorney's error based on a misunderstanding of the law is an insufficient basis to excuse missing a deadline. *Ojeda-Sanchez v. Bland*, No. 6:08-cv-096, 2010 WL 1737591, *1 (S.D. Ga. Apr. 29, 2010) (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)). "Conversely, delays may be excused if they are attributable to miscommunication, clerical error, or other innocent oversight." *Id.* *1 (citing *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201–1202 (11th Cir. 1999)). The excusable-neglect determination is primarily an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Although there is no evidence of prejudice to Defendants, an adverse impact on the judicial proceedings, or bad faith, a finding of ***excusable*** neglect is not warranted. Notably, the motion is not accompanied by any evidence supporting the proffered excuse. While it is possible a calendaring error failed to remind Plaintiff's counsel of the deadline, it is equally possible if not more so, given the substantial passage of time Plaintiff's counsel simply failed to observe the time constraints of Rule 54 and Local Rule 4.18.[1] And this seems evident on a review of the docket.

---

[1] The Court notes that when becoming admitted to the Middle District of Florida, Plaintiff's counsel certified familiarity with the Local Rules, including Local Rule 4.18. M.D. Fla. L.R. 2.01(b).

3

Within about three weeks after the entry of Default Judgment (Doc. 71), Plaintiff's second attorney, Robert Gramberg, filed a notice of appearance (Doc. 72) as additional counsel for Plaintiff. As new counsel, Mr. Gramberg should have reviewed the docket and realized a motion for attorney's fees and costs had not been filed. And on July 23, 2020, Plaintiff filed a motion for issuance of a writ of execution (Doc. 73), which was granted on July 30, 2020. (Doc. 74). It is hard to fathom that while pursuing enforcement of the judgment neither of Plaintiff's two attorneys reviewed the docket and realized, albeit late, that a motion for attorney's fees and costs had not been filed. Given the collection activity, counsel's failure to file a motion for attorney's fees and costs appears more a failure to comply with well-known time constraints than a software problem. "The failure to file a timely motion [for attorney's fees] under [Rule 54], in the absence of showing excusable neglect, has consistently been held to be a waiver of the right to recover attorney's fees." *Bland v. Provident Life and Accident Ins. Co.*, 2003 WL 27381851 *2 (M.D. Fla. Oct. 17, 2003) (citing *Hipps v. United States Steel Workers of Am., AFL-CIO/CLC*, No. Civ.A. 1:96-cv-3129-ECS, 2001 WL 194307 (N.D. Ga. Feb. 9, 2001) (citing cases from other jurisdictions)).

Litigators are ingrained at the start of their careers that fee motions are time sensitive. And here, not one but two attorneys entered appearances on behalf of Plaintiff. Any calendaring error that may have occurred is obviously neglectful. The neglect was arguably excusable up to July 23, 2020, when Plaintiff filed her motion for issuance of a writ of execution. (Doc. 73). But another two months later—when

the untimely motion for more time was filed—the neglect had long since ceased to be excusable.

Accordingly, it is **ORDERED** that the Motion for Extension of Time to File Motion (Doc. 78) is **DENIED** and the Motion for Attorney's Fees and Costs (Doc. 78) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 16, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE