UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA Y. VAZQUEZ, and other similarly-situated individuals

        Plaintiff,

v.                                       Case No: 2:18-cv-611-FtM-38NPM

UOOLIGAN GAS STATION CONVENIENCE STORE INC, SAEEDA ULLAH and FARID ULLAH,

        Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants' motion to vacate the default judgment, reverse writ of execution, and dismiss the case (Doc. 82) and Plaintiff Maria Vasquez's response in opposition (Doc. 85). For reasons that follow, the Court denies the motion.

### BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case. On September 11, 2018, Plaintiff Maria Vazquez sued corporate defendant Uooligan Gas Station

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Convenience Store, Inc. and individual defendants Farid Ullah and Saeeda Ullah for failure to pay her overtime and minimum wages in violation of the FLSA and for her constructive discharge in response to her complaints about wage discrimination. (Doc. 1).

As litigation progressed, issues arose between the defense attorneys and their clients. Ian Holmes, John Silverfield, and the law firm of Holmes Fraser—Defendants' original counsel—moved to withdraw as counsel on November 14, 2019, citing irreconcilable differences. (Doc. 51). Magistrate Judge Mizell held a hearing to resolve the motion, at which the Ullahs were present. (*See* Doc. 52; Doc. 53). At this hearing, the Ullahs confirmed the Court had their correct mailing addresses, and the correct mailing address for the gas station. (Doc. 56 at 3-4). The Court also obtained the Ullahs' email addresses. (Doc. 56 at 4). Judge Mizell granted the motion to withdraw as counsel. (Doc. 55). He ordered the corporate defendant to find new counsel and have said counsel file a notice of appearance by December 20, 2019. He also ordered the individual defendants to file a written notice with the Court advising whether they are proceeding pro se or have retained counsel.

The December 20 deadline came and went without word from either the Ullahs or the gas station. Accordingly, on December 30, 2019, Judge Mizell issued an order to show cause, requiring the defendants to explain why a

default should not be issued against them or to comply with the Court's order. (Doc. 60). Copies of this order were mailed to the Defendants.

The defendants took no action, leaving Judge Mizell no choice but to issue a Report and Recommendation recommending the Court enter a default judgment against the Ullahs and the gas station. (Doc. 61). Copies of the Report and Recommendation were mailed to the Defendants.

There were still crickets from the Defendants. Thus, the Court adopted Judge Mizell's Report and Recommendation and the clerk entered a default against the defendants on February 19, 2020. (Doc. 63; Doc. 64). Copies were mailed to the Defendants. Default judgment was entered for Vazquez on June 15, 2020, awarding Vazquez $56, 366. (Doc. 70).

On November 27, 2020, Vazquez's representative Adria Gramberg came to the gas station and satisfied the judgment. (Doc. 81). The parties also signed a binding settlement agreement. (Doc. 83).

Claiming she was blindsided by the events of November 27, Saeeda Ullah moved to vacate final judgment, reverse writ of execution, and dismiss the case. (Doc. 82). She claims she received no documents from the Court about the case or any documents from Vazquez's counsel. (Doc. 82 at 1). She also raises legal claims about the actions of Vazquez's representatives and the liens on her real property.

## LEGAL STANDARD

The Court analyzes Defendants' motion under Federal Rule of Civil Procedure 60. "[T]he proper, and…exclusive method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1507 (11th Cir. 1984) (citing Fed. R. Civ. P. 55(c)). Under Rule 60(b), a court may set aside a default final judgment when a party shows: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Provident Bank v. Bittleman*, 2012 WL 1414249, at *1 (S.D. Fla. Apr. 20, 2012) (cleaned up).

## DISCUSSION

The only two prongs of Rule 60(b) applicable to the Defendants' Motion are Rule 60(b)(1) and Rule 60(b)(6). The Court analyzes each in turn.

### A. Rule 60(b)(1)

To set aside a default judgment for mistake, inadvertence, or excusable neglect under Rule 60(b)(1), the defaulting party must show: (1) it had a

meritorious defense that might have affected the outcome; (2) good reason existed for failure to respond to the complaint; and (3) granting the motion would not prejudice the opposing party. *Davila v. Alcami Group, Inc.*, 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013) (citing *Rivas v. Denovus Corp., Ltd.*, 2010 WL 4102926 (S.D. Fla. Oct. 18, 2010)). "The moving party must establish a meritorious defense 'by a clear and definite recitation of the facts.'" *Grant*, 2016 WL 867111, at *2 (S.D. Fla. Mar. 7, 2016) (quoting *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987)). Moreover, "[a] general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient." *Id.* (quoting *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007)). Rather, the moving party "must make an affirmative showing of a defense that is likely to be successful." *Id.* (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). But, importantly, "[n]either ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Id.* (quoting *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).

The Court finds the Motion fails to make the requisite showings to set aside default judgment under Rule 60(b) because Defendants: (1) do not adequately assert any meritorious defenses that might affect the outcome of the case; (2) do not show that good reason exists for their failure to comply with

5

the Court orders; and (3) do not explain why setting aside the default would not prejudice Vazquez. The Court addresses each reason.

First, the Motion fails to show Defendants have a meritorious defense that might affect the outcome. While Saeeda Ullah denies the allegations and claims Vazuez was fired for stealing money from the cash register, this defense only serves as a denial of the constructive discharge claim and does not address the wage discrimination allegations.[2] Without more, the Defendants fail to present any reason to question the correctness of Vazquez's other claims.

Second, and most important, the Motion must be denied because the Defendants do not assert there is good reason for their failure to respond. In her motion, Saeda Ullah claims she never received documents sent by either Plaintiff's counsel or the court and asks the court to dismiss the case for bad service. (Doc. 82 at 1). Yet this strains credulity given the Defendants attended a hearing when the Court confirmed their correct mailing addresses. The Court mailed notices of the ongoing litigation to these address multiple times. At the hearing to withdraw counsel, Defendants were told about the risks of proceeding without counsel. But they failed to obtain counsel. Failure to check mail or comply with Court orders is the type of carelessness and negligence that prevents the Court from setting aside the default judgment.

---

[2] The Court notes the Motion says Vazquez was fired in August 2019, but presumes it to be a typo.

Third, even assuming Defendants established a meritorious defense and demonstrated a good reason for violating the Court's orders, the Motion fails to establish Vazquez will suffer no prejudice if the default judgment is set aside. Vazquez filed the complaint over two years ago, and diligently litigated her case against each Defendant. She would be prejudiced if the Court reopened the matter.

### B. Rule 60(b)(6)

Rule 60(b)(6) allows a court to relieve a party from a final judgment for any other reason that justifies relief. As the Eleventh Circuit has explained, "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'" *Aldana Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

The Defendants show no extraordinary circumstances rendering them eligible for the catchall provision. There is no explanation of any extreme or unexpected hardship that will result if the court requires Defendants to satisfy the judgment.

7

### C. Other issues

The Defendants' motion also challenges the actions of Vazquez's representatives on November 27, 2020 and raises issues about liens placed on the real property of the Ullahs. The Court's review is limited to whether it is appropriate to vacate the default judgment. Other potential legal issues should be raised in a different lawsuit in the appropriate court.

Accordingly, it is now

**ORDERED:**

Defendants' Emergency Motion to Vacate Final Judgment, Reverse Writ of Execution, and Dismiss the Case (Doc. 82) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 8, 2021

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record